MAMIE WILHELM, ADMINISTRATRIX OF THE ESTATE OF ADOLPH WILHELM, DECEASED, RESPONDENT, v. PUBLIC SERVICE RAILWAY COMPANY, APPELLANT.

Submitted December 6, 1920—Decided February 28, 1921.

Where it appeared from evidence adduced at the trial that plaintiff's decedent, who was driving a milk wagon, on a misty morning, and coming out of an intersecting street, started to cross the trolley tracks of the defendant company, and the rear of the wagon was struck by a trolley car, which was approaching at a fast rate of speed; that the rails were slippery, and that no warning was given by the motorman by sounding his gong—*Held*, that there was sufficient evidence on the question of the negligence of the defendant company for the case to go to the jury; and *held*, further, that deceased had the right to assume that the motorman saw him emerging from the intersecting street, and that as he had equal rights in the use of the highway, that the motorman would respect his right and have his car under control, and that the question of contributory negligence was also for the jury.

On appeal from the Supreme Court.

For the appellant, *Lefferts S. Hoffman* and *Leonard J. Tynan*.

For the respondent, *Jacob L. Newman*.

The opinion of the court was delivered by

KALISCH, J. Two grounds of appeal are relied on by appellant for a reversal of the judgment of the court below— (1) refusal to grant a motion for a nonsuit; (2) refusal to direct a verdict for defendant. Both of these alleged errors may be considered together.

On this appeal we are only concerned with the inquiry whether there was any testimony or circumstance which tended to establish defendant's negligence, and whether the proof in the case established, as a matter of law, that the plaintiff's decedent was guilty of negligence contributing to his injury.

On the testimony, and from the circumstances disclosed at the trial, the jury would have been warranted in finding that in the dawn of a misty morning the tracks of the defendant company upon which it was running its trolley car, in the present case, were in a slippery condition, and that the motorman of the car, notwithstanding that fact, was propelling it at a very fast rate of speed so that when he approached Mott street, an intersecting public street, without having given any warning of his approach, by sounding his gong, and saw a horse and milk wagon coming out of Mott street and started to cross the tracks, he was unable to control his car, by reason of the speed at which he was running it on slippery tracks, with the result that not keeping his car under proper control, he ran into the rear part of the milk wagon with such force as to turn the wagon completely around and demolish it.

The circumstance that after demolishing the wagon the car ran a distance of twenty to thirty feet before it was stopped was some evidence tending to show the high rate of speed at which the car was being run upon slippery tracks, on a misty morning along a public street, crossed by intersecting streets, from which vehicles were likely to emerge, was at least some evidence of negligent conduct.

But it is said that the plaintiff's decedent was guilty of negligence contributing to his injury as a matter of law.

This has not been made plain to us. We think that the question whether the plaintiff's decedent was guilty of negligence which would debar a recovery, was a question of fact for the jury to decide, and was properly left by the trial judge to the determination of the jury.

The deceased driving his milk wagon had equal rights with the operator of the trolley car in the public highway. They were, therefore, bound to respect each other's exercise of such right. The deceased had the right to assume that the motorman saw the horse and wagon emerging from the intersecting street and had his car under control and would respect the right of the deceased to cross the tracks safely. Whether the car was in such close proximity to the place where the

impact occurred and was going at such a rate of speed that would have made it apparent to a person of ordinary prudence that the motorman did not intend to respect such right, and, therefore, made the crossing perilous, was clearly a jury question.

This court, in *Danskin* v. *Pennsylvania Railroad Co.*, 79 *N. J. L.* 526, speaking through Mr. Justice Trenchard (at *p.* 528), said: "Contributory negligence is a matter of defence, and the plaintiff is not required to prove its absence, as a part of his case. *New Jersey Express Co.* v. *Nichols*, 4 *Vroom* 434; *affirming* 3 *Id.* 166. No presumption of negligence on part of the decedent arises in such an action as the present one from the mere occurrence of the accident. *Pennsylvania Railroad Co.* v. *Middleton*, 28 *Id.* 154; *Durant* v. *Palmer*, 5 *Dutcher* 544. To justify the nonsuit, therefore, the contributory negligence of the decedent must clearly appear conclusively as a fact, or by necessary exclusive inference, from the plaintiff's proof. *Pennsylvania Railroad Co.* v. *Middleton, supra.*"

We think the motions for a nonsuit and direction of a verdict for defendant were properly denied, which leads to an affirmance of the judgment, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 16.

*For reversal*—None.